## MILLER et ux., for Use of MILLER, v. TRASCHER. *

### No. 14221.

Court of Appeal of Louisiana. Orleans.

Dec. 19, 1932.

*Rehearing denied January 16, 1933.

Paul W. Maloney and J. A. Morales, both of New Orleans, for appellant.

J. A. Woodville, of New Orleans, for appellees.

JANVIER, J.

Plaintiffs, mother and father, bring this action for the use and benefit of their 18 year old minor son, Andrew J. Miller, who, they allege, was injured by a blow delivered by defendant, Trascher.

The defense is that the Miller boy had thrown a rock and injured the 6 year old son of Trascher, who, "in his excitement, ran over and chastised the plaintiff's son and struck him with no intention of injuring him." It is also contended that the "boy ran off and was not injured at all."

Trascher in the criminal court was convicted of assault and battery, and, when this civil suit for damages was tried below, judgment for $100 was rendered against him.

As a justification of his attack upon young Miller, Trascher states that as he approached Miller the latter arose and "put up his props," which we understand means assumed a belligerent attitude. The evidence leaves us satisfied that young Miller did not assume this fighting attitude, and that for this reason the contention now sought to be established that Miller was in fact the aggressor and that Trascher struck him in self-defense is not sustained.

■ The record leaves no doubt that young Miller threw a rock which struck the young son of Trascher, but, in spite of this, we feel that Trascher's attack upon Miller was not justified under the circumstances, since Miller was seated when Trascher struck him, and since Trascher was very much older and manifestly was not required at that time to do anything further in defense of his son. No further attack by Miller on young Trascher seemed to be contemplated when the blow from which this suit resulted was delivered.

■■ The amount allowed below was $100, and this is not excessive, since the Miller boy was under the treatment of a doctor for about eight weeks. The parents who brought the suit appear solely as the representatives of their son, and the father seeks nothing in his own behalf; therefore no amount can be awarded for medical expenses or other community expenditures which the parents found it necessary to make. Bearman v. Southern Bell Tel. & Tel. Co., 17 La. App. 92, 134 So. 787.

The judgment appealed from is affirmed.

Affirmed.