SAVOIE, Judge.
Plaintiff, Rosella Coleman as the natural tutrix of her minor child, Kawanda Coleman, appeals from the trial court’s judgment sustaining the defendant’s, Audubon Insurance Company’s, exception of prescription. We affirm the trial court’s judgment, but remand to give Ms. Coleman the opportunity to amend.
Ms. Coleman filed suit as the natural tutrix of her minor child, Kawanda, on May 10, 1988. In her suit she alleged that on May 11, 1987, while a guest at the residence of Dye Ann Guerin, Kawanda was frightened by a dog owned by Ms. Guerin which had escaped from its pen; Kawanda ran toward the residence and fell on the entrance steps, breaking her left arm. Ms. Coleman named as defendant Audubon Insurance Company, Ms. Guerin’s homeowners insurer. Ms. Coleman sought recovery for past and future medical expenses, past and future physical pain and suffering, mental anguish and distress, and permanent injuries.
Audubon initially filed an answer to the suit in the form of a general denial and raised the affirmative defense of comparative negligence. Audubon then amended its answer, alleging that it had paid Ms. Coleman $412.57 for medical expenses incurred due to the accident. Audubon then filed an exception of prescription, alleging that discovery revealed that the incident occurred on Saturday, May 9, 1987, not on May 11, 1987; that May 9, 1988 was not a legal holiday; and that therefore the suit was prescribed.
After a hearing at which the depositions of Ms. Coleman and Kawanda were introduced into evidence, the trial judge found that the case was prescribed and dismissed plaintiff’s suit.
On appeal, Ms. Coleman urges +.iat the trial judge erred in sustaining Audubon’s exception of prescription. Ms. Coleman contends that even if her claim were prescribed on May 9, 1988, prescription was interrupted by Audubon’s payment of Ka-wanda’s medical expenses.
We have thoroughly reviewed the evidence submitted in support of Audubon’s exception of prescription. The deposition testimony of Ms. Coleman and Kawanda as well as Ms. Coleman’s testimony at the hearing supports a finding that the incident occurred on a Saturday, which according to the 1987 calendar was not May 11 but May 9. Since the plaintiff’s lawsuit was filed on May 10, 1988, and May 9, 1988 was not a legal holiday, the lawsuit was prescribed. LSA-C.C.P. art. 5059.
We must now determine whether Ms. Coleman’s contention that prescription was interrupted by Audubon’s payment of medical expenses has merit.
Delictual actions such as the instant suit are subject to a liberative prescription of one year, which prescriptive period commences to run from the day injury or damage is sustained. LSA-C.C. art. 3492. However, prescription can be “interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.” LSA-C.C. art. 3464.
The Louisiana Supreme Court in Flowers v. United States Fidelity & Guaranty Co., 381 So.2d 378 (La.1980), discussed acknowledgment under LSA-C.C. art. 3520, the predecessor to LSA-C.C. art. 3464.[1] Ae- *354 cording to the court, an acknowledgment may be express or tacit; verbal or written; by partial payment, by payment of interest or by pledge, or in other ways. Flowers, 381 So.2d at 382. The court stated that an acknowledgment may be implicit or it may be inferred from the circumstances. Flowers, 381 So.2d at 382. Prescription of an unliquidated claim for damages can be interrupted by a tacit acknowledgment by the debtor. See comment (e) to LSA-C.C. art. 3464; Flowers, 381 So.2d at 382.
The court then explained the scope of the interruption of prescription due to an acknowledgment based on the facts before it. Mrs. Flowers was injured in a car accident in 1976 and the insurance company paid most of her medical expenses. She and her husband filed suit to recover damages and were met with an exception of prescription. The court held that payment of the medical expenses interrupted prescription of the claim for medical expenses by the husband as head and master of the community under the matrimonial regimes law of the time. However, the court found that this did not constitute a tacit acknowledgment of the wife’s tort claim, and therefore found it had prescribed. The court’s reasoning was as follows:
The interruption of prescription has no effect beyond the specific right of the person of which the debtor makes acknowledgment. Hence, the insurer’s acknowledgment of Mr. Flowers’ right, as head of the community, to recover for medical expenses, did not acknowledge or interrupt prescription of Mrs. Flowers’ separate right to damages for her personal injuries.
As applied to liberative prescription Article 3520, in effect, provides that prescription is legally interrupted when the debtor makes acknowledgment of the right of the person against whose claim he prescribed. Legal interruption does not regularly transfer from one obligation or action to another. Moreover, legal prescription is personal, and generally benefits only the person with whom it originates or whose right has been acknowledged.
Mrs. Flowers’ right to damages for her personal injuries was distinct from her husband’s right to recover medical expenses for the community. A wife’s action for damages resulting from offenses and quasi-offenses are her separate property and are recoverable by her alone. La.C.C. arts. 2334, 2402. On the other hand, claims for medical expenses for either spouse belong to the community and are recoverable by the husband as its head.
Flowers, 381 So.2d at 382-83 (Citations and footnotes omitted).
In the case at bar, the claim of Ms. Coleman for medical expenses is truly separate from that of Kawanda for personal injuries. As the parent and natural tutrix of Kawanda, Ms. Coleman owns personally the right to recover medical expenses expended by her for Kawanda’s injuries. Yet Kawanda owns personally the right to recover for her personal injuries, though this right may be asserted through her parent as natural tutrix. See Alleman v. Sentry Insurance Co., 257 So.2d 799 (La.App. 3d Cir.), writ denied, 261 La. 466, 259 So.2d 915 (La.1972). As was the ease with the husband in Flowers, payment to Ms. Coleman tacitly acknowledged the insurer’s debt to Ms. Coleman only and not to Ka-wanda as related to her separate and distinct claim.[2] Thus, prescription was not interrupted as to Kawanda’s claim while it was interrupted as to Ms. Coleman’s claim for her medical expenses. However, Ms. Coleman did not sue individually to recover the medical expenses, but only in behalf of the minor child, and therefore she did not properly assert her claim. Miller v. *355 Trascher, 145 So. 27 (Orleans Ct.App.1932); Bearman v. Southern Bell Telephone & Telegraph Co., 17 La.App. 89, 134 So. 787 (Orleans Ct.App.1931). Therefore, the interruption of prescription as to Ms. Coleman’s claim is of no effect.
For these reasons, the judgment of the trial court finding that Ms. Coleman’s suit is prescribed is affirmed. Since there is a possibility that Ms. Coleman may be able to amend her petition to remove the grounds of objection as to her claim for medical expenses, she should be given the opportunity to amend. LSA-C.C.P. art. 934. We remand this matter to the trial court to allow Ms. Coleman fifteen days from the date this opinion becomes final in which to amend her petition to cure the grounds for the exception, in default of which Ms. Coleman’s action shall be dismissed. Costs of this appeal to be paid by Ms. Coleman.
AFFIRMED AND REMANDED.
FOIL, J., concurs, with reasons.

. Comment (a) to LSA-C.C. art. 3464 states that LSA-C.C. art. 3464 reproduces the substance of *354 LSA-C.C. art. 3520, and does not change the law.

. Audubon contends that the medical expenses were paid under the medical payments provision of the homeowner’s insurance which requires payment of medical expenses without regard to liability. Ms. Coleman contends that the medical expenses were paid under the general liability provision of the policy. Neither the policy nor the checks for the medical expenses were introduced into evidence at the prescription hearing nor were they in the record.